Peter A. Quinn, J.
Defendant, New York Credit Men’s Adjustment Bureau, Inc., moves for dismissal of the complaint for legal insufficiency and, pursuant to rule 107 of the Rules of Civil Practice, for dismissal of the complaint upon the ground that the court -has no jurisdiction of the subject matter of the action in that it lacks jurisdiction with respect to the United States of America. Plaintiff cross-moves for leave to discontinue, without costs. The United States of America has not been properly named an interpleaded defendant by joinder of the District Director of Internal Revenue. Dismissal for insufficiency is out of order if there must be dismissal for lack of jurisdiction. This action was removed to the Federal jurisdiction and was thereafter remanded as improperly removed, since there was no jurisdiction in the State court and the District Court on removal derives its jurisdiction from State jurisdiction. Consequently, there was jurisdiction in neither court. Upon dismissal, the subject of this interpleader suit may properly become the subject of an action in the Federal jurisdiction with the United States of America intervening, its willingness to do so in such an action having been indicated. Whether there is dismissal for lack of jurisdiction or discontinuance, the question of costs remains. It is urged that costs should be imposed, since plaintiff has alleged the terms and conditions of the agreements under which he is acting as escrow agent granted to him, in case of any suit or proceeding to which he is a party, the right of reimbursement for all costs and expenses. The motion to dismiss is denied. The motion to discontinue is granted, with costs. However, there shall be payment thereof only in the event reimbursement is permitted eventually.